UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11

FONTAINEBLEAU LAS VEGAS
HOLDINGS, LLC, ET AL.,                                    Case No. 09-21481-BKC-AJC

        Debtors.                                          (Jointly Administered)

_____/

Zetian Systems, Inc.; Z-Glass, Inc.; Graybar Electric
Company, Inc.; Tracy & Ryder Landscape Inc.; Water
FX, LLC; Quality Cabinet and Fixture Company; Derr
& Gruenewald Construction Co.; Sierra Glass &
Mirror, Inc.; Morris Shea Bridge Company, Inc.;
Crescent Electric Supply Company; Integrated
Mechanical Group, LLC; Hilti, Inc.; and, Cashman
Equipment Company,

        Plaintiffs,

vs.

Fontainebleau Las Vegas, LLC; Fontainebleau Las
Vegas Holdings, LLC; Fontainebleau Las Vegas Capital
Corp.; Bank of America N.A; Avenue CLO Fund, Ltd.;
Avenue CLO II, Ltd.; Avenue CLO III, Ltd.; Avenue
CLO IV, Ltd.; Avenue CLO V, Ltd.; Avenue CLO VI,
Ltd.; Babson CLO Ltd. 2004-I; Babson CLO Ltd. 2004-
II; Babson CLO Ltd. 2005-1; Babson CLO Ltd. 2005-
II; Babson CLO Ltd. 2005-III; Babson CLO Ltd. 2006-
I; Babson CLO. Ltd. 2006-II; Babson CLO Ltd. 2007-I;
Artus Loan Fund 2007-I Ltd.; Babson Loan
Opportunity CLO, Ltd.; Jfin CLO 2007 Ltd.; Sapphire
Valley CDO I, Ltd.; Jeffries Finance CP Funding LLC;
Brigade Leveraged Capital Structures Fund, Ltd.;
Battalion CLO 2007-I Ltd.; Canyon Capital Advisors,
LLC; Caspian Corporate Loan Fund, LLC; Caspian

1

Capital Partners, L.P.; Caspian Select Credit Master
Fund, Ltd.; Mariner Opportunities Fund, L.P.;
Mariner LDC; Sands Point Funding Ltd.; Copper
River CLO Ltd.; Kennecott Funding Ltd.; NZC
Opportunities (Funding) II Limited; Green Lane CLO
Ltd.; 1888 Fund, Ltd.; Orpheus Funding LLC;
Orpheus Holdings LLC; LFC2 Loan Funding LLC;
Halcyon Loan Investors CLO I Ltd.; Halcyon Loan
Investors CLO II Ltd.; Halcyon Structured Asset
Management Long Secured/Short Unsecured CLO
2006-I Ltd.; Halcyon Structured Asset Management
European 2008-II B.V.; Halcyon Structures Asset
Management CLO I Ltd.; Halcyon Structured
Management Long Secured/Short Unsecured 2007-I
Ltd.; Halcyon Structured Asset Management Long
Secured/Short Unsecured 2007-2 Ltd.; Halcyon
Structured Asset Management Long Secured/Short
Unsecured 2007-3 Ltd.; Aberdeen Loan Funding, Ltd.;
Armstrong Loan Funding, Ltd.; Brentwood CLO, Ltd.;
Eastland CLO, Ltd.; Emerald Orchard Limited;
Gleneagles CLO, Ltd.; Grayson CLO, Ltd.; Greenbrier
CLO, Ltd.; Highland Credit Opportunities CDO, Ltd.;
Highland Loan Funding V, Ltd.; Highland Offshore
Partners, L.P.; Jasper CLO, Ltd.; Liberty CLO, Ltd.;
Loan Funding IV LLC,\; Loan Funding VII LLC; Loan
Star State Trust; Longhorn Credit Funding, LLC; Red
River CLO, Ltd.; Rockwall CDO Ltd.; Rockwall CDO
II, Ltd.; Southfork CLO, Ltd.; Stratford CLO, Ltd.;
Westchester CLO, Ltd.; ING Prime Rate Trust; ING
Senior Income Fund; ING International (II) – Senior
Bank Loans Euro.; ING International (II) – Senior
Bank Loans USD; ING Investment Management CLO
I, Ltd.; ING Investment Management CLO II, Ltd.;
ING Investment Management CLO III, Ltd.; ING
Investment Management CLO IV, Ltd.; ING
Investment Management CLO V, Ltd.; Encore Fund
LP; Nuveen Floating Rate Income Fund; Fortissimo
Fund; Nuveen Floating Rate Income Opportunity
Fund; Nuveen Senior Income Fund; Symphony Credit
Opportunity Fund, Ltd.; Symphony CLO I, Ltd.;

2

Symphony CLO II, Ltd.; Symphony CLO III, Ltd.;
Symphony CLO IV, Ltd.; Symphony CLO V, Ltd.;
Carlyle High Yield Partners 2008-I, Ltd.; Carlyle High
Yield Partners V, Ltd.; Carlyle High Yield Partners VI,
Ltd.; Carlyle High Yield Partners VII, Ltd.; Carlyle
High Yield Partners VIII, Ltd.; Carlyle High Yield
Partners IX, Ltd.; Carlyle Loan Investment, Ltd.;
Centurion CDO VI, Ltd.; Centurion CDO VII, Ltd.;
Centurion CDO 8 Limited; Centurion CDO 9 Limited;
Cent CDO 10 Limited; Cent CDO XI Limited; Cent
CDO 12 Limited; Cent CDO 14 Limited; Cent CDO 15
Limited; Venture CDO 2002, Limited; Venture 11 CDO
2002, Limited; Venture III CDO Limited; Venture IV
CDO Limited; Venture V CDO Limited; Venture VI
CDO Limited; Venture VII CDO Limited; Venture
VIII CDO Limited; Venture IX CDO Limited; Vista
Leveraged Income Fund; Veer Cash Flow CLO,
Limited; Duane Street CLO I, Ltd.; Duane Street CLO
II, Ltd.; Duane Street CLO III, Ltd.; Duane Street CLO
IV, Ltd.; Duane Street CLO V, Ltd.; Jay Street Market
Value CLO I, Ltd.; Riva Ridge Master Fund, Ltd.;
Mariner LDC; Genesis CLO 2007-I Ltd.; Merrill Lynch
Capital Corporation; JPMorgan Chase Bank, N.A.;
Barclays Bank PLC; Deutsche Bank Trust Company
Americas; The Royal Bank of Scotland PLC; Sumitomo
Mitsui Banking Corporation; Bank of Scotland; HSN
Nordbank AG; MB Financial Bank, N.A.; and Camulos
Master Fund, L.P. ; Wells Fargo N.A; Serengeti Asset
Management, LP; MFC Global Investment
Management (US) LLC; Franklin Templeton
Investments; Goldman Sachs Global Special Situations
Group; Eaton Vance Management Inc.; Satellite Asset
Management; Bank of America LLC; Prudential
Investment Management-Fixed Income; Nomura
Corporate Research & Asset Management; DiMaio
Ahmad Capital, LLC; Pioneer Investment
Management, Inc.; MFS Investment Management; New
York Life Investment Management LLC; Regiment
Capital Advisors LLC; Western Asset Management Co;
JPMorgan High Yield Partners; Thrivent Financial For

3

Lutherans; BlackRock Financial Management, Inc.;
Denver Investment Advisors LLC; Fidelity
Management & Research Co.; Goldman Sachs Asset
Management LP (GSAM)(USA); RiverSource
Investments LLC; Federated Investors, Inc.; Ares
Management, LP; Deutsche Asset Management
(DeAM)(NYC); Tattersall Advisory Group Inc.
(Philadelphia);  ING Investment Management
(Atlanta); Logan Circle Partners LP; State Street
Global Advisors (SSgA); UBI Pramerica SGR SpA;
Barclays Capital, Inc.; PPM America Inc.; Brigade
Capital Management, LLC; Credit Suisse Asset
Management Americas (CSAM)(NY); Allegiant Asset
Management Co.; FAF Advisors Inc.; INVESCO Inc.
(New York); Newberger Berman Management LLC
and Richard Wenz and John Does 1-50,

Defendants.

_____/

## COMPLAINT TO DETERMINE THE VALIDITY,
## PRIORITY AND EXTENT OF THE LIEN CLAIMANTS' LIENS

Plaintiffs, Zetian Systems, Inc., Z-Glass, Inc., Graybar Electric Company, Inc., Tracy &

Ryder Landscape, Inc., Water FX, LLC, Quality Cabinet and Fixture Company, Derr &

Gruenewald Construction Co., Sierra Glass & Mirror, Inc., Morris Shea Bridge Company, Inc.,

Crescent Electric Supply Company, Integrated Mechanical Group, LLC, Hilti, Inc., and

Cashman Equipment Company, who collectively comprise the **"Lien Claimants,"** by and

through the undersigned counsel, sue Fontainebleau Las Vegas, LLC **("FBLV")**, as owner and

developer of the Project (as hereinafter defined), and Fontainebleau Las Vegas Holdings, LLC

**("FBLVH")** and Fontainebleau Las Vegas Capital Corp. **("FBLVC") (FBLV, FBLVH and**

**FBLVC are collectively referred to hereinafter as "Debtors")** and Bank of America N.A as

Administrative Agent, Issuing Lender, and Swing Line Lender, Avenue CLO Fund, Ltd., Avenue

4

CLO II, Ltd., Avenue CLO III, Ltd., Avenue CLO IV, Ltd., Avenue CLO V, Ltd., Avenue CLO VI, Ltd., Babson CLO Ltd. 2004-I, Babson CLO Ltd. 2004-II, Babson CLO Ltd. 2005-1, Babson CLO Ltd. 2005-II, Babson CLO Ltd. 2005-III, Babson CLO Ltd. 2006-I, Babson CLO. Ltd. 2006-II, Babson CLO Ltd. 2007-I, Artus Loan Fund 2007-I Ltd., Babson Loan Opportunity CLO, Ltd., Jfin CLO 2007 Ltd., Sapphire Valley CDO I, Ltd., Jeffries Finance CP Funding LLC, Brigade Leveraged Capital Structures Fund, Ltd., Battalion CLO 2007-I Ltd., Canyon Capital Advisors, LLC, Caspian Corporate Loan Fund, LLC, Caspian Capital Partners, L.P., Caspian Select Credit Master Fund, Ltd., Mariner Opportunities Fund, L.P., Mariner LDC, Sands Point Funding Ltd., Copper River CLO Ltd., Kennecott Funding Ltd., NZC Opportunities (Funding) II Limited, Green Lane CLO Ltd., 1888 Fund, Ltd., Orpheus Funding LLC, Orpheus Holdings LLC, LFC2 Loan Funding  LLC, Halcyon Loan Investors CLO I Ltd., Halcyon Loan Investors CLO II Ltd., Halcyon Structured Asset Management Long Secured/Short Unsecured CLO 2006-I Ltd., Halcyon Structured Asset Management European 2008-II B.V., Halcyon Structures Asset Management CLO I Ltd., Halcyon Structured Management Long Secured/Short Unsecured 2007-I Ltd., Halcyon Structured Asset Management Long Secured/Short Unsecured 2007-2 Ltd., Halcyon Structured Asset Management Long Secured/Short Unsecured 2007-3 Ltd., Aberdeen Loan Funding, Ltd., Armstrong Loan Funding, Ltd., Brentwood CLO, Ltd., Eastland CLO, Ltd., Emerald Orchard Limited, Gleneagles CLO, Ltd., Grayson CLO, Ltd., Greenbrier CLO, Ltd., Highland Credit Opportunities CDO, Ltd., Highland Loan Funding V, Ltd., Highland Offshore Partners, L.P., Jasper CLO, Ltd., Liberty CLO, Ltd., Loan Funding IV LLC, Loan Funding VII LLC, Loan Star State Trust, Longhorn Credit Funding, LLC, Red River CLO, Ltd., Rockwall CDO Ltd., Rockwall CDO II, Ltd., Southfork CLO, Ltd., Stratford CLO, Ltd., Westchester CLO, Ltd., ING Prime Rate Trust, ING Senior Income Fund, ING International (II) – Senior Bank

5

Loans Euro., ING International (II) – Senior Bank Loans USD, ING Investment Management CLO I, Ltd., ING Investment Management CLO II, Ltd., ING Investment Management CLO III, Ltd., ING Investment Management CLO IV, Ltd., ING Investment Management CLO V, Ltd., Encore Fund LP, Nuveen Floating Rate Income Fund, Fortissimo Fund, Nuveen Floating Rate Income Opportunity Fund, Nuveen Senior Income Fund, Symphony Credit Opportunity Fund, Ltd., Symphony CLO I, Ltd., Symphony CLO II, Ltd., Symphony CLO III, Ltd., Symphony CLO IV, Ltd., Symphony CLO V, Ltd., Carlyle High Yield Partners 2008-I, Ltd., Carlyle High Yield Partners V, Ltd., Carlyle High Yield Partners VI, Ltd., Carlyle High Yield Partners VII, Ltd., Carlyle High Yield Partners VIII, Ltd., Carlyle High Yield Partners IX, Ltd., Carlyle Loan Investment, Ltd., Centurion CDO VI, Ltd., Centurion CDO VII, Ltd., Centurion CDO 8 Limited, Centurion CDO 9 Limited, Cent CDO 10 Limited, Cent CDO XI Limited, Cent CDO 12 Limited, Cent CDO 14 Limited, Cent CDO 15 Limited, Venture CDO 2002, Limited, Venture 11 CDO 2002, Limited, Venture III CDO Limited, Venture IV CDO Limited, Venture V CDO Limited, Venture VI CDO Limited, Venture VII CDO Limited, Venture VIII CDO Limited, Venture IX CDO Limited, Vista Leveraged Income Fund, Veer Cash Flow CLO, Limited, Duane Street CLO I, Ltd., Duane Street CLO II, Ltd., Duane Street CLO III, Ltd., Duane Street CLO IV, Ltd., Duane Street CLO V, Ltd., Jay Street Market Value CLO I, Ltd., Riva Ridge Master Fund, Ltd., Mariner LDC, and Genesis CLO 2007-I Ltd. **(collectively the "Term Lenders"),** Bank of America N.A as Administrative Agent, Issuing Lender, and Swing Line Lender, Bank of America, N.A., Merrill Lynch Capital Corporation, JPMorgan Chase Bank, N.A., Barclays Bank PLC, Deutsche Bank Trust Company Americas, The Royal Bank of Scotland PLC, Sumitomo Mitsui Banking Corporation, Bank of Scotland, HSN Nordbank AG, MB Financial Bank, N.A., and Camulos Master Fund, L,.P. **("Revolving Lenders")** and Wells Fargo N.A., as Trustee and

6

Lender, Serengeti Asset Management, LP, MFC Global Investment Management (US) LLC, Franklin Templeton Investments, Goldman Sachs Global Special Situations Group, Eaton Vance Management Inc., Satellite Asset Management, Bank of America LLC, Prudential Investment Management-Fixed Income, Nomura Corporate Research & Asset Management, DiMaio Ahmad Capital, LLC, Pioneer Investment Management, Inc., MFS Investment Management, New York Life Investment Management LLC, Regiment Capital Advisors LLC, Western Asset Management Co, JPMorgan High Yield Partners, Thrivent Financial For Lutherans, BlackRock Financial Management, Inc., Denver Investment Advisors LLC, Fidelity Management & Research Co., Goldman Sachs Asset Management LP (GSAM)(USA), RiverSource Investments LLC, Federated Investors, Inc., Ares Management, LP, Deutsche Asset Management (DeAM)(NYC), Tattersall Advisory Group Inc. (Philadelphia),  ING Investment Management (Atlanta), Logan Circle Partners LP, State Street Global Advisors (SSgA), UBI Pramerica SGR SpA, Barclays Capital, Inc., PPM America Inc., Brigade Capital Management, LLC, Credit Suisse Asset Management Americas (CSAM)(NY), Allegiant Asset Management Co., FAF Advisors Inc., INVESCO Inc. (New York), Newberger Berman Management LLC and Richard Wenz **("2nd Mortgage Lenders")** and John Does 1-50 representing any unknown successor lender or loan participant under either the Term Loan (as hereinafter defined), Delayed Draw Loan (as hereinafter defined), or Swing Line Loan (as hereinafter defined), pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 105 and 506.[i] The Lien Claimants allege as follows:

## JURISDICTION

1.      This is an adversary proceeding brought by the Lien Claimants to determine the validity, priority and extent of the Lien Claimants mechanic's lien claims and for a finding that

7

the Term Lenders, Swing Line Lenders, Revolving Lenders and 2nd Mortgage Lenders
**(collectively "The Lenders")** liens are inferior to that of the Lien Claimants.

      2.      This Court has jurisdiction over the subject matter of this action pursuant to 28
U.S.C. §§ 157 and 1334(b).

      3.      This is a core proceeding for which the Court is authorized to hear and determine
all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A), (K) and (O).  Relief
is requested pursuant to 11 U.S.C. and Rules 701 *et. seq.* of the Federal Rules of Bankruptcy
Procedure **(the "Bankruptcy Rules")**.

      4.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES

      5.      Zetian Systems, Inc. is a Nevada corporation duly authorized to conduct business
in the State of Nevada, and a supplier on the Project, as defined herein.

      6.      Z-Glass, Inc. is a Nevada corporation duly authorized to conduct business and
conducting business as a licensed contractor in the State of Nevada, license numbers 71889 and
71890, and a subcontractor on the Project.

      7.      Graybar Electric Company, Inc. is a New York corporation duly authorized to
conduct business and conducting business as a material supplier that supplied materials to the
Project.

      8.      Tracy & Ryder Landscape, Inc. is a Nevada corporation duly authorized to
conduct business and conducting business as a licensed contractor in the State of Nevada, license
numbers 36102, 44337 and 60250, and a subcontractor on the Project.

8

9. Water FX, LLC is a Nevada limited liability company duly authorized to conduct business and conducting business as a licensed contractor in the State of Nevada, license number 44166A and a subcontractor on the Project.

10. Quality Cabinet and Fixture Company is a California corporation duly authorized to conduct business and conducting business as a licensed contractor in the State of Nevada, license number 36981, and a subcontractor on the Project.

11. Derr and Gruenewald Construction Co. is a Colorado corporation duly authorized to conduct business and conducting business as a licensed contractor in the State of Nevada, license number 17554, and a subcontractor on the Project.

12. Sierra Glass & Mirror, Inc. is a Nevada corporation duly authorized to conduct business and conducting business as a licensed contractor in the State of Nevada, license number 18457 and a subcontractor on the Project.

13. Morris Shea Bridge Company, Inc. is an Alabama corporation duly authorized to conduct business and conducting business as a licensed contractor in the State of Nevada, license number 52846 and a subcontractor on the Project.

14. Crescent Electric Supply Company is a Delaware corporation duly authorized to conduct business and conducting business as a material supplier that supplied materials to the Project.

15. Integrated Mechanical Group, LLC is a Nevada limited liability company duly authorized to conduct business and conducting business as a licensed contractor in the State of Nevada, license numbers 59491 and 59492 and a subcontractor on the Project.

16. Hilti, Inc. is an Oklahoma corporation duly authorized to conduct business and conducting business as a material supplier that supplied materials to the Project.

9

17.     Cashman Equipment Company is a Nevada corporation duly authorized to conduct business and conducting business as a material supplier that supplied equipment to the Project.

18.     Fontainebleau Las Vegas LLC **("FBLV")** is one of the Debtors in these Chapter 11 cases and also a Defendant in this adversary proceeding. It owns the real estate upon which the Project is being constructed, and upon which the Lien Claimants have recorded their mechanic's liens. FBLVH and FBLVC are Debtors in the main bankruptcy proceeding, and are joined to the extent they claim an equitable or legal interest in the Project.

19.     Plaintiffs are informed and believe and based thereon allege that Defendant Bank of America N.A. ("BOA"), is a nationally chartered bank with its main office in Charlotte, North Carolina. BOA is the Administrative Agent for the Term Lenders and the Revolving Lenders. It was the Initial Term Loan lender, the Initial Swing Line Lender, and Initial Delayed Draw Lender, as well as a Revolving Lender.

20.     Plaintiffs are informed and believe and based thereon allege that Defendant Merrill Lynch Capital Corporation ("Merrill") is a Delaware corporation with a principal place of business in New York. Merrill is now indirectly owned by BOA. It is a Revolving Lender.

21.     Plaintiffs are informed and believe and based thereon allege that Defendant Deutsche Bank Trust Company Americas is a New York State chartered bank with its principal office in New York, New York. It is a Revolving Lender.

22.     Plaintiffs are informed and believe and based thereon allege that Defendant Barclays Bank PLC is a public limited company in the United Kingdom with its principal place of business in London, England. It is a Revolving Lender.

10

23.     Plaintiffs are informed and believe and based thereon allege that  Defendant
Royal Bank of Scotland PLC is a banking association organized under the laws of the United
Kingdom with a branch in New York, New York. It is a Revolving Lender.

24.     Plaintiffs are informed and believe and based thereon allege that Defendant Bank
of Scotland is chartered under the laws of Scotland, with its principal place of business in
Edinburgh, Scotland. It is a Revolving Lender.

25.     Plaintiffs are informed and believe and based thereon allege that Defendant
Sumitomo Mitsui Banking Corporation New York is a Japanese corporation with offices in New
York, New York. It is a Revolving Lender.

26.     Plaintiffs are informed and believe and based thereon allege that Defendant FISH
Nordbank AG, New York Branch is a German banking corporation with a branch in New York.
It is a Revolving Lender.

27.     Plaintiffs are informed and believe and based thereon allege that Defendant
JPMorgan Chase Bank, N.A. is a nationally chartered bank with its headquarters in New York. It
is a Revolving Lender.

28.     Plaintiffs are informed and believe and based thereon allege that Defendant MB
Financial Bank, N.A. is a nationally chartered bank with its main office in Chicago, Illinois. It is
a Revolving Lender.

29.     Plaintiffs are informed and believe and based thereon allege that Defendant
Federal Deposit Insurance Corporation as the successor to First National Bank of Nevada. First
National Bank was a Revolving Lender.

30.     Plaintiffs are informed and believe and based thereon allege that Defendant Wells

Fargo N.A. ("Wells Fargo"), is a nationally chartered bank with its main office in Sioux Falls,

South Dakota. Wells Fargo is the Trustee for the 2nd Mortgage Lenders.

31.     Plaintiffs are informed and believe and based thereon allege that Brigade Capital

Management LLC is the Fund Manager for Brigade Leveraged Capital Structures Fund, Ltd.

32.     Plaintiffs are informed and believe and based thereon allege that Canyon Capital

Advisors LLC, is the Fund Manager for Canpartners Investments IV, LLC and Canyon Special

Opportunities Master Fund (Cayman), Ltd.

33.     Plaintiffs are informed and believe and based thereon allege that  The Carlyle

Group is the Fund Manager for the following Funds: Carlyle High Yield Partners 2008-1, Ltd,

Carlyle High Yield Partners VI, Ltd., Carlyle High Yield Partners VII, Ltd., Carlyle High Yield

Partners VIII, Ltd., Carlyle High Yield Partners IX, Ltd., Carlyle High Yield Partners X, Ltd.,

and Carlyle Loan Investment, Ltd.

34.     Plaintiffs are informed and believe and based thereon allege that Guggenheim

Investment Management, LLC is the Fund Manager for the following Funds: Green Lane CLO

Ltd., Copper River CLO Ltd., Sand Point Funding, Ltd., Kennecott Funding Ltd., 1888 Fund,

Ltd., Orpheus Funding LLC, Orpheus Holdings LLC, NZC Opportunities (Funding) II Limited

and LFC2 Loan Funding LLC.

35.     Plaintiffs are informed and believe and based thereon allege that  Halcyon Loan

Investors LP and Halcyon Structures Asset Management, LP are the Fund Managers for the

following Funds: Halcyon Loan Investors CLO, Ltd., Halcyon Loan Investors CLO II Ltd.,

Halcyon Structured Asset Management Long Secured/Short Unsecured CLO 2006-1 Ltd.,

Halcyon Structured Asset Management European 2008-11 B.V., Halcyon Structures Asset

12

Management I Ltd., Halcyon Structured Management Long Secured/Short Unsecured 2007-1
Ltd., Halcyon Structured Asset Management Long Secured/Short Unsecured 2007-2 Ltd.,
Halcyon Structured Asset Management Long Secured/Short Unsecured 2007-3 Ltd.

36.     Plaintiffs are informed and believe and based thereon allege that Highland Capital
Management, LP is the Fund Manager for the following Funds: Aberdeen Loan Funding, Ltd.,
Armstrong Loan Funding, Ltd., Brentwood CLO, Ltd., Eastland CLO, Ltd., Emerald Orchard
Limited, Gleneagles CLO, Ltd., Grayson CLO, Ltd., Greenbrier CLO, Ltd., Highland Credit
Opportunities CDO, Ltd., Highland Loan Funding V, Ltd., Highland Offshore Partners, L.P.,
Jasper CLO, Ltd., Liberty CLO, Ltd., Loan Funding IV LLC, Loan Funding VII LLC, Loan Star
State Trust, Lon.-horn Credit Funding, LLC, Red River CLO, Ltd., Rockwall CDO Ltd.,
Rockwall CDO II, Ltd., Southfork CLO, Ltd., Stratford CLO, Ltd., Westchester CLO, Ltd.

37.     Plaintiffs are informed and believe and based thereon allege that Avenue Capital
Management 11, L.P. is the Fund Manager for Avenue CLO Fund, Ltd., Avenue CLO 11, Ltd.,
Avenue CLO 111, Ltd., Avenue CLO IV, Ltd., Avenue CLO V, Ltd., Avenue CLO VI, Ltd.

38.     Plaintiffs are informed and believe and based thereon allege that Babson Capital
Management and Jeffries Finance LLC are the Fund Managers for the following Funds: Babson
CLO Ltd. 2004-1, Babson CLO Ltd. 2004-11, Babson CLO Ltd. 2005-1, Babson CLO Ltd.
2005-11, Babson CLO Ltd. 2005-111, Babson CLO Ltd. 2006-1, Babson CLO. Ltd. 2006-11,
Babson CLO Ltd. 2007-1, Artus Loan Fund 2007-1 Ltd., Babson Loan Opportunity CLO, Ltd.,
Jilin CLO 2007 Ltd., Sapphire Valley CDO 1, Ltd., and Jeffries Finance CP Funding LLC.

39.     Plaintiffs are informed and believe and based thereon allege that DiMaio Ahmad
Capital LLC is the Fund Manager for the following Funds: Duane Street CLO 1, Ltd., Duane

13

Street CLO 11, Ltd., Duane Street CLO 111, Ltd., Duane Street CLO IV, Ltd., Duane Street CLO V, Ltd., Jay Street Market Value CLO 1, Ltd.

40.     Plaintiffs are informed and believe and based thereon allege that ING Investment Management Co., along with ING Investments, LLC, ING Alternative Asset Management, LLC and ING Investment Management Luxembourg S.A. are the Fund Managers for the following Funds: ING Prime Rate Trust, ING Senior Income Fund, ING International (11) — Senior Bank Loans Furo., ING International (11) — Senior Bank Loans USD, ING Investment Management CLO 1, Ltd., ING Investment Management CLO 11, Ltd., ING Investment Management CLO 111, Ltd., ING Investment Management CLO IV, Ltd., ING Investment Management CLO V, Ltd.

41.     Plaintiffs are informed and believe and based thereon allege that MJX Asset Management, LLC is the Fund Manager for the following Funds: Venture CDO 2002, Limited, Venture 11 CDO 2002, Limited, Venture III CDO Limited, Venture IV CDO Limited, Venture V CDO Limited, Venture VIII CDO Limited, Venture IX CDO Limited, Vista leveraged Income Fund, Veer Cash Flow CLO, Limited.

42.     Plaintiffs are informed and believe and based thereon allege that Ore Hill Partners LLC is the Fund Manager for Genesis CLO 2007-1, Ltd. Fund.

43.     Plaintiffs are informed and believe and based thereon allege that Mariner Investment Group, LLC is the Fund Manager for Caspian Corporate Loan Fund, LLC, Caspian Capital Partners, I-P., Caspian Select Credit Master Fund, Ltd., Mariner Opportunities Fund, LP, Mariner LDC.

14

44.     Plaintiffs are informed and believe and based thereon allege that  Riva Ridge
Capital Management, LP and Mariner Investment Group, LLC are the Fund Managers for Riva
Ridge Master Fund, Ltd.

45.     Plaintiffs are informed and believe and based thereon allege that RiverSource
Investments, LLC is the Fund Manager for Centurion CDO VI, Ltd., Centurion CDO VII, Ltd.,
Centurion CDO 8, Limited, Centurion CDO 9, Limited, Cent CDO 10 Limited, Cent CDO XI
Limited, Cent CDO 12 Limited, Cent CDO 14 Limited, and Cent CDO 15 Limited Funds.

46.     Plaintiffs are informed and believe and based thereon allege that Symphony Asset
Management LLC is the Fund Manager for the Following Funds: Encore Fund LP, Nuveen
Floating Rate Income Fund, Fortissimo Fund, Nuveen Floating Rate Income Opportunity Fund,
Nuveen Senior Income Fund, Symphony Credit Opportunity Fund, Ltd., Symphony CLO 1, Ltd.,
Symphony CLO 11, Ltd., Symphony CLO 111, Ltd., Symphony CLO IV, Ltd., Symphony CLO
V, Ltd.

47.     Plaintiffs are informed and believe and based thereon allege that Defendants all
known holders of the 2"'1 Mortgage Notes are as follows: Serengeti Asset Management, LP,
MFC Global Investment Management (US) LLC, Franklin Templeton Investments, Goldman
Sachs Global Special Situations Group, Eaton Vance Management Inc., Satellite Asset
Management, Bank of America LLC, Prudential Investment Management-Fixed Income,
Nomura Corporate Research & Asset Management, DiMaio Ahmad Capital ,I,I,C, Pioneer
Investment Management, Inc., MPS Investment Management, New York Life Investment
Management LLC, Regiment Capital Advisors LLC, Western Asset management Co, JPMorgan
High Yield Partners, Thrivent Financial For Lutherans, BlackRock Financial Management, Inc.,
Denver Investment Advisors LLC, Fidelity Management & Research Co, Goldman Sachs Asset

15

Management LP (GSAM)(USA), RiverSource Investments LLC, Federated Investors, Inc., Ares Management, LP, Deutsche Asset Management (DeAM)(NYC), Tattersall Advisor), Group Inc. (Philadelphia), ING Investment Management (Atlanta), Logan Circle Partners LP, State Street Global Advisors (SSgA), UBI Pramerica SGR SPA, Barclays Capital, Inc., PPM America Inc., Brigade Capital Management, LLC, Credit Suisse Asset Management Americas (CSAM)(NY), Allegiant Asset Management Co., FAT Advisors Inc., INVESCO Inc. (New York), Newberger Berman Management LLC and Richard Wenz.

48.     Defendants John Doe 1-50 are the subsequent transferees of any portion of: (1) the Term Loan note, (2) the Delayed Draw note, or (3) the Swing Line note.

## ALLEGATIONS COMMON TO ALL COUNTS

49.     On June 9, 2009 **(the "Petition Date")**, the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code **(the "Code")**. The Debtors are the owner of the "Fontainebleau Las Vegas" **(the "Project")**, located at 2777 S. Las Vegas Blvd., and 2775 S. Las Vegas Blvd., Las Vegas, Nevada, and more particularly described as Assessor's Parcel Number162-09-617-001 and 162-09-617-002 and formerly described as Assessor's Parcel Number 162-09-704-001 and 162-09-602-002.

50.     As of the Petition Date, the Debtors have estimated that the Project is approximately 70% complete.

51.     Plaintiffs are informed and believe and based thereon allege that construction started on the Project in November 2006.

52.     Plaintiffs are informed and believe and based thereon allege that the general contractor on the Project, Turnberry West Construction, Inc. **("TWC")**, who has filed a separate

16

adversary proceeding, was issued a notice to proceed with an effective date of April 1, 2007 by FBLV.

53.     Plaintiffs are informed and believe that the Lenders, recorded deeds of trust against the Project on or about June 6, 2007. By way of information provided by TWC, prior to the recording of the deeds of trust against the Project on or about June 6, 2007, the Lenders were aware that construction had commenced as that term is used in NRS 108.22112, and from that date forward, construction on the Project was open, notorious and obvious.

54.     Plaintiffs provided work, materials and/or equipment that was incorporated into and for the improvement of the Project, have not been paid as required for the work performed and/or the materials and equipment supplied, and have properly perfected and provided notice of their mechanic's liens pursuant to NRS 108.221 through NRS 108.246, inclusive.

55.     Plaintiffs lien claims are as follows:

a.     **Zetian Systems, Inc.** recorded its Notice of Lien on the Project pursuant to NRS 108.226 on June 26, 2009 in the official records of Clark County, Nevada, in the amount of $7,390,004.08, Book/Instrument No. 20090626-0000175, and served as required by NRS 108.227. This amount remains due and owing.

b.     **Z-Glass, Inc.** recorded its Notice of Lien pursuant to NRS 108.226 on June 26, 2009 in the amount of $9,599,066.13, Book/Instrument No. 20090626-0000174, and served as required by NRS 108.227. This amount remains due and owing.

c.     **Graybar Electric Company, Inc.** recorded three (3) Notices of Lien on the Project pursuant to NRS 108.226 on July 9, 2009 in the official

17

records of Clark County, Nevada, as follows: Book/Instrument No. 20090709-0000483, in the amount of $1,157,668.25; Book/Instrument No. 20090709-0000484, in the amount of $42,866.63; Book/Instrument No., in the amount of $347,311.11.   All were served as required by NRS 108.227. An Amended Notice of Lien was recorded on the Project pursuant to NRS 108.226 on October 12, 2009, amending the lien recorded as Book/Instrument No. 20090709-0000485, to reflect the amount owed on that contract to $207,157.91, in Book/Instrument No.200909100001198 and served as required by NRS 108.227. This amount remains due and owing.

d.      **Tracy & Ryder Landscape, Inc.** recorded its Notice of Lien on the Project pursuant to NRS 108.226 on May 21, 2009 in the official records of Clark County, Nevada, in the amount of $1,591,307.42, Book/Instrument No. 20090521-0000919, and served as required by NRS 108.227. This amount remains due and owing.

e.      **Water FX, LLC** recorded two (2) Notices of Lien on the Project pursuant to NRS 108.226 on October 12, 2009 in the official records of Clark County, Nevada as follows: Book/Instrument No. 20091012-0001927 in the amount of $13,127,356.80, and Book/Instrument No. 20091012-0001928 in the amount of $462,920.76, and served as required by NRS 108.227. Water FX, LLC then recorded two (2) Amended Notices of Lien on the Project, pursuant to NRS 108.226 on October 14, 2009 in the official records of Clark County, Nevada as follows:  Book/Instrument No. 20091014-0002913 in the amount of $13,127,356.80, and Book/Instrument No. 20091014-0002914 in the amount of

18

$462,920.76, and served as required by NRS 108.227. This amount remains due and owing.

    f.    **Quality Cabinet and Fixture Company** recorded its Notice of Lien on the Project pursuant to NRS 108.226 on May 29, 2009 in the official records of Clark County, Nevada, in the amount of $2,962,179.00, Book/Instrument No. 20090529-0004584, and served as required by NRS 108.227. An Amended Notice of Lien was recorded on the Project pursuant to NRS 108.226 on October 12, 2009, in the official records of Clark County, Nevada, in the amount of $4,223,957.00, Book/Instrument No. 20091012-0001931 and served as required by NRS 108.227. A second Amended Notice of Lien was recorded on the Project pursuant to NRS 108.226 on October 14, 2009 in the official records of Clark County, Nevada in the amount of $4,223,957.00, Book/Instrument No. 20091014-0002912 and served as required by NRS 108.227. This amount remains due and owing.

    g.    **Derr and Greunewald Construction Co.** recorded three (3) Notices of Lien on the Project pursuant to NRS 108.226 on July 9, 2009 in the official records of Clark County, Nevada as follows: Book/Instrument No. 20090709-0000486 in the amount of $4,805,505.00; Book/Instrument No. 20090709-0000487 in the amount of $38,853.00; Book/Instrument No. 20090709-0000488 in the amount of $258,460.00. All were served as required by NRS 108.227. This amount remains due and owing.

    h.    **Sierra Glass & Mirror, Inc.** recorded its Notice of Lien on the Project pursuant to NRS 108.226 on October 12, 2009 in the official records of

19

Clark County, Nevada, in the amount of \$358,459.13, Book/Instrument No.
20091012-0001930  and served as required by NRS 108.227.  An Amended
Notice of Lien was recorded on the Project pursuant to NRS 108.226 on October
14, 2009, in the official records of Clark County, Nevada, in the amount of
\$358,459.13, Book/Instrument No. 20091014-0002911 and served as required by
NRS 108.227. This amount remains due and owing.

      i.     **Morris Shea Bridge Company, Inc.** recorded its Notice of Lien
on the Project pursuant to NRS 108.226 on September 30, 2009 in the official
records of Clark County, Nevada, in the amount of \$370,185.82, Book/Instrument
No. 20090930-0001429, and served as required by NRS 108.227. This amount
remains due and owing.

      j.     **Crescent Electric Supply Company** recorded two (2) Notices of
Lien on the Project pursuant to NRS 108.226 on October 14, 2009 in the official
records of Clark County, Nevada as follows: Book/Instrument No. 20091014-
0002915 in the amount of \$52,532.42; Book/Instrument No. 20091014-0002916
in the amount of \$47,785.29.  Both were served as required by NRS 108.227. This
amount remains due and owing. This amount remains due and owing.

      k.     **Integrated Mechanical Group, LLC** recorded its Notice of Lien
on the Project pursuant to NRS 108.226 on October 12, 2009 in the official
records of Clark County, Nevada, in the amount of \$\$358,459.13,
Book/Instrument No. 20091012-0001929, and served as required by NRS
108.227.  An Amended Notice of Lien was recorded on the Project pursuant to
NRS 108.226 on October 14, 2009, in the official records of Clark County,

Nevada, in the amount of $144,696.00, Book/Instrument No. 20091014-0002917 and served as required by NRS 108.227. This amount remains due and owing.

    l.    **Hilti, Inc.** recorded its Notice of Lien on the Project pursuant to NRS 108.226 on July 27, 2009 in the official records of Clark County, Nevada, in the amount of $24,052.58, Book/Instrument No. 20090727-0001378, and served as required by NRS 108.227. This amount remains due and owing.

    m.    **Cashman Equipment Company** recorded its Notice of Lien on the Project pursuant to NRS 108.226 on June 16, 2009 in the official records of Clark County, Nevada, in the amount of $84,056.38, Book/Instrument No. 20090616-0000590, and served as required by NRS 108.227. This amount remains due and owing.[1]

56.    In conjunction with the Motion to Use Cash Collateral [D.E.] 2] in the main case **("Cash Collateral Motion")**, the Debtors have stated that the prepetition lenders have valid first position liens that are "not subject to avoidance, re-characterization, reduction, disallowance, impairment, or subordination under the Bankruptcy Code or applicable non-bankruptcy law..."

57.    Plaintiffs are required to bring this adversary proceeding given the representations made by the Debtors as stated in paragraph 50 herein, the Debtors failure to acknowledge the validity, priority and extent of Plaintiffs mechanic's lien claims as set forth in the Debtors' schedules and the Lenders' requirement that TWC file an action to determine the validity, priority and extent of its prepetition liens with respect to the Prepetition Agent and Prepetition Term Lenders, as set forth in the Second Interim Order

[1] Plaintiff Lien Claimants reserve the right to amend their liens as necessary.

21

Authorizing the Use of Cash Collateral [D.E. 242], which essentially challenged the

priority of the Lien Claimants' lien claims. Additionally, an adversary proceeding is the

proper method by which to determine the validity, priority and extent of the Lien

Claimants' lien claims.

## COUNT I

## DETERMINATION OF THE VALIDITY, PRIORITY AND EXTENT OF THE LIEN CLAIMANTS' LIENS AGAINST THE PROJECT

58.     Plaintiffs restate and re-allege herein each and every allegation set forth in

paragraphs 1 through 57 of this Complaint.

59.     The Project is located in Clark County, Nevada and Plaintiffs' mechanic's lien

claims are created by operation of Nevada state law, as set forth in NRS 108.221 through

108.246, inclusive.

60.     Plaintiffs are "lien claimants" as defined in NRS 108.2214, as Plaintiffs provided

"work, material or equipment with a value of $500 or more" which was "used in or for the

construction, alteration or repair" of the Project.

61.     Plaintiffs have a lien upon the Project as set forth in NRS 108.222, which

provides a lien claimant has a lien upon the property, any improvements for which the work,

materials and equipment were furnished or to be furnished, and any construction disbursement

account established pursuant to NRS 108.2403, for:

> a.      If the parties agreed, by contract or otherwise, upon a specific
>
> price or method for determining a specific price for some or all of the work,
>
> material and equipment furnished or to be furnished by or through the lien
>
> claimant, the unpaid balance of the price agreed upon for such work, material or

22

equipment, as the case may be, whether performed, furnished or to be performed
or furnished at the instance of the owner or his agent; and

   b.  If the parties did not agree, by contract or otherwise, upon a
specific price or method for determining a specific price for some or all of the
work, material and equipment furnished or to be furnished by or through the lien
claimant, including, without limitation, any additional or changed work, material
or equipment, an amount equal to the fair market value of such work, material or
equipment, as the case may be, including a reasonable allowance for overhead and
a profit, whether performed, furnished or to be performed or furnished at the
instance of the owner or at the instance of his agent."

  62.  Plaintiffs are licensed contractors in the State of Nevada as set forth above or do
not need to hold a license for the work performed, and/or equipment and materials supplied.

  63.  Plaintiffs were hired by TWC or by a subcontractor of TWC and performed work,
supplied equipment, and/or supplied materials at the insistence of TWC, for the improvement of
the Project.

  64.  Plaintiffs provided Notices of Right to Lien as required by NRS 108.245 or were
exempt from this requirement as set forth in NRS 108.245(5).

  65.  Plaintiffs each perfected their lien claims pursuant to NRS 108.226.

  66.  Plaintiffs recorded their Notices of Lien within the time required by NRS
108.226(1). NRS 108.226(1) provides, in pertinent part, that to perfect its lien, "a lien claimant
must record his notice of lien in the office of the county recorder of the county where the
property or some part thereof is located in the form provided" within ninety (90) days after the
date on which the latest of the following occurs:

          a.      the completion of the work of improvement;

          b.      the last delivery of material or furnishing of equipment by the lien

claimant for the work of improvement;

          c.      the last performance of work by the lien claimant for the work of

improvement;

whichever is later.

67.     The Liens are in the form required by NRS 108.226(2) and the details of each

Plaintiff's Lien are set forth in the subsections of Paragraph 55 above.

68.     The Notices of Lien were served as required by NRS 108.227, upon the record

owner and TWC, or their authorized agents.

69.     Plaintiffs have valid liens against the Project for the balances set forth in their

collective Notices of Lien, pursuant to NRS 108.221 through 108.246, inclusive.

70.     NRS 108.225 provides:

> Every mortgage or encumbrance imposed upon, or conveyance made of,
> property affected by the liens provided for in NRS 108.221 to 108.246,
> inclusive, after the commencement of construction of a work of
> improvement are subordinate and subject to the liens provided for in NRS
> 108.221 to 108.246, inclusive, regardless of the date of recording the
> notices of liens.

71.     Plaintiffs are informed and believe and based thereon allege that work

commenced on the Project in November 2006.

72.     Plaintiffs are informed and believe that the Lenders did not record deeds of trust

and/or other interests, liens or encumbrances against the Project until June 6, 2007.

73.     Therefore, Plaintiffs liens against the Project are superior to those of the Lenders

pursuant to NRS 108.225.

74.    Plaintiffs have been required to retain the services of the undersigned counsel to collect the amounts due and owing for the services, materials, labor and/or equipment provided to the Project, and are entitled to recover their attorneys' fees, costs and interest.

WHEREFORE, Plaintiff Lien Claimants respectfully request that the Court enter judgment in their favor and against the Defendants: (1) declaring that the Lien Claimants hold valid, perfected, first priority liens against the Project and that said liens are superior to the liens of the Lenders and any interest the Debtor may have; (2) determining the amounts claimed in the liens as due and owing to the Lien Claimants; and (3) for such other and further    relief as the Court deems just and proper.

Dated:        October 15, 2009                Respectfully submitted,


Robert C. Meacham, Esquire
May, Meacham, & Davell, P.A.
One Financial Plaza, Suite 2602
Fort  Lauderdale, Florida 33394
Telephone: (954) 763-6006
Facsimile: (954) 764-5367

By:    /s/   Robert C. Meacham

Jennifer R. Lloyd-Robinson, Esq.
Pezzillo Robinson
Nevada Bar No.: 9617
6750 Via Austi Parkway, Suite 170
Las Vegas, Nevada  89119
Telephone: (702) 233-4225
Facsimile:  (702) 233-4252
Admitted Pro Hac Vice

25